## FRIER v. FEDERAL CROP INS. CORPORATION.

### No. 11228.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1945.

Rehearing Denied Jan. 18, 1946.

Sidney E. Dawson, of Dallas, Tex., for appellant.

A. W. Christian, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, McCORD and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Lee Frier sued the Federal Crop Insurance Corporation on an alleged contract of insurance for the loss of his crop. The trial court ruled that the evidence failed to show a binding contract, and awarded judgment for defendant.

The Federal Crop Insurance Corporation was created by the Federal Crop Insurance Act, 7 U.S.C.A. § 1501 et seq. as an agency of the Department of Agriculture. The crop insurance program provided for in the Act is administered by the Department of Agriculture through the A.A.A. offices throughout the United States.

The important facts are these: The plaintiff, according to his testimony, applied for insurance on a standard form used for that purpose, on March 8, 1942. His application was handled by one Arthur Wilson, a clerk in the County Agricultural Committee office, located in Kaufman County, Tex. Wilson was employed, among other things, to assist the farmers in the preparation of applications for insurance and to inform them on various matters related to the crop insurance program. He had no authority to accept the application as a final contract of insurance, and, in fact, does not recall accepting such application. Sometime after plaintiff contends he signed the application for insurance his cotton crop was destroyed by an overflow. He returned to the County office and inquired of Wilson as to what action he should take. Wilson, assuming that he had insurance, informed him that he could plant his crop over. The plaintiff did plant his crop over but nevertheless suffered a loss. Later, when plaintiff again returned to this office to have his crop loss checked, his insurance application, if he had one, could not be found. The members of the County Committee, who were supposed to accept the application, testified that they did not remember signing the application.

Clause 2 of the Application for Cotton Crop Insurance provides that: "* * * It is understood and agreed that upon acceptance by the County Agricultural Conservation Committee (hereinafter called 'the county committee'), this application which includes the provisions on the reverse side hereof, the 1942 Cotton Crop Insurance Regulations and any amendments thereto, and the Acreage Report, Form FCI-219, shall constitute the contract between the Corporation and the insured, provided the average yield(s) and the premium rate(s) have been or are approved by the Corporation for the insurance unit(s) listed. The application must be submitted to the county committee on or before the closing date. The closing date shall be the beginning of the planting of the cotton on any of the insurance units in which the applicant has an interest in the cotton crop at the time of the beginning or planting or the closing date established by the Corporation, whichever occurs first. Acceptance of this application shall be evidenced by the delivery on behalf of all applicants to the applicant whose signature appears in paragraph 8 below of a copy of the application signed by a member of the county committee for and on behalf of the county committee."

■ The evidence shows that plaintiff was intelligent, a good farmer, and knew much about crop insurance and where and how it was obtained. If he had read the above-quoted provisions of the contract, as he was in duty bound to do, he would have known that the application for such insurance must have been accepted by the County Committee, and further that he should have received a copy of the accepted application. It has long been settled that to make a contract there must be an offer and an acceptance shown. Acceptance by the County Committee was necessary in order to create a binding contract. Beaty v. Southland Life Insurance Co., Tex.Civ.App., 28 S.W. 2d 895; Braman v. Mutual Life Ins. Co., 8 Cir., 73 F.2d 391; Steinle v. New York Life Ins. Co., 5 Cir., 81 F. 489; Paine v. Pacific Mutual Life Ins. Co., 8 Cir., 51 F. 689.

■ Plaintiff cannot make for himself a crop insurance contract by relying on Wilson, who was in charge of the Agricultural Committee office. It was his duty, not that of Wilson, to know whether or not he had such crop insurance.

■ However much one would like to see plaintiff receive remuneration for the loss of his crop, the Government has set certain standards by which individuals shall conduct themselves in procuring the benefits of the crop insurance program. They are in all respects just and fair. We cannot abandon them in favor of the plaintiff, who has shown a lack of diligence.

The judgment appealed from is affirmed.