### SCAIFE v. FEDERAL CROP INS. CORPORATION.

No. 13651.

Circuit Court of Appeals, Eighth Circuit.

April 13, 1948.

G. B. Oliver, Jr., of Little Rock, Ark., for appellant.

G. D. Walker, Asst. U. S. Atty., of Little Rock, Ark., (James T. Gooch, U. S. Atty., of Little Rock, Ark., on the brief), for appellee.

Before SANBORN, JOHNSEN and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The Federal Crop Insurance Corporation, an agency of the Department of Agriculture, was created by the Federal Crop Insurance Act for the purpose of providing Government insurance against loss in yield of crops due to unavoidable causes.[1]

In April, 1946, the Corporation insured the appellant, a cotton grower of Chicot County, Arkansas, against loss in yield of lint cotton and cottonseed (up to 75% of average yield) due to specified unavoidable causes. The insured suffered a loss in yield of his 1946 crop, which was covered by his contract of insurance and entitled him to receive from the Corporation 110,535 pounds of lint cotton. He furnished proofs of loss on November 12, 1946. Certificates of indemnity were issued to him by the Corporation January 4, 1947, for the amount of cotton claimed. On January 6, 1947, he demanded the cash value of the cotton specified in the certificates, and on January 17, 1947, the Corporation remitted to him $34,686.46, the market value of the cotton on January 6, 1947, which was 34.40 cents per pound.

On June 17, 1947, the insured brought this action to recover $9,119.14, upon the claim that he had, prior to October 9, 1946, given notice to the Corporation of his probable loss; that it had, prior to that date, inspected his cotton crops, which were about 70% harvested; that, at the time of the inspection, it was obvious that there would be due him from the Corporation under his contract of insurance about 110,000 pounds of cotton; that on October 9, 1946, he requested the Corporation to "fix the price" upon the estimated deficiency in yield by selling "the approximate amount of cotton he might be entitled to receive, the exact amount to be determined and final adjustment made at such time as he had completed his harvest and final proofs of loss had been furnished and approved by defendant [the Corporation]"; that his request was reasonable and practicable; that compliance therewith "would have worked to alleviate his economic distress caused by the failure of his cotton crop, and would have been of great assistance to him in maintaining his purchasing power; that under the terms of the Federal Crop Insurance Act, and as a sound business proposition, it was the duty of defendant to com-

---

[1] The history of the Act and the amendments thereto can be found in 7 U.S.C.A. § 1501 et seq. In 1946, the year involved in the instant case, the declared purpose of the Act was "to promote the national welfare by alleviating the economic distress caused by crop failures due to drought and other causes, by maintaining the purchasing power of farmers, and by providing for stable supplies of agricultural commodities for domestic consumption and the orderly flow thereof in interstate commerce." Sec. 502 of Title V, Chap. 30, 52 Stat. 72, as amended by Chap. 214, § 1, 55 Stat. 255, 7 U.S.C.A. § 1502.

ply therewith, but that defendant wrongfully and unlawfully refused to do so"; that if the Corporation had complied with his request on October 9, 1946, he would have received 42.65 cents a pound for the cotton to which he was ultimately found to be entitled, instead of 34.40 cents, or a total of $9,119.14 more than he received in January, 1947; and that the Corporation is therefore indebted to him in that amount with interest, penalty, and attorney's fees.

The Corporation in its answer denied liability and asserted that the insured had been paid in full. It moved for a summary judgment of dismissal. The District Court granted the motion, and the insured has appealed.

Assuming that the insured's request of October 9, 1946, that the Corporation sell cotton for his account to fix the amount of his probable loss was duly made and was not unreasonable or impracticable, the complete answer to his contention that he was underpaid is·that, by the terms of his contract of insurance, the Corporation had assumed no obligation to comply with any such request.

■ The Cotton Crop Insurance Regulations for the 1946 Crop Year (Code of Federal Regulations, Supp.1945, Title 7, Chap. IV, Part 419), which were binding upon the insured and were a part of his insurance contract by the express terms of his application for crop insurance and by necessary implication,[2] contained the following provisions:

"§ 419.15. Time of loss. Loss, if any, shall be deemed to have occurred at the completion of weighing in of the insured crop at the gin, or disposal of the harvested crop, * * * or January 31 of each year * * * (unless such time is extended by the Corporation), whichever occurs first, unless the Corporation determines that the cotton crop was destroyed or substantially destroyed earlier, in which event the loss shall be deemed to have occurred on the date so determined by the Corporation.

"§ 419.18. When indemnity payable. The amount of loss for which the Corporation may be liable with respect to any insurance unit covered by the insurance contract shall be payable within thirty days after satisfactory proof of loss is approved by the Corporation. However, if payment of any indemnity is delayed for any reason beyond the time specified, the Corporation shall not be liable for interest or damages on account of such delay."

■ The insured, therefore, agreed that any loss sustained by him should be deemed to have occurred at the completion of the weighing in or disposal of his cotton crop and that the amount of loss should be payable after satisfactory proofs of loss were furnished and approved by the Corporation. Having accepted payment of his loss from it upon that basis, he cannot now successfully assert that he was not paid in full because the Corporation might have determined in October, 1946, that his cotton crop was substantially destroyed and might have sold cotton for his account (subject to later adjustment) at a better price than was subsequently obtained. The Regulations quoted above, which, in effect, require *that crop losses insured against shall be* definitely determined before they become compensable, and that satisfactory proofs of loss shall be furnished and approved before liability accrues, are not ambiguous, nor are they inconsistent with the Crop Insurance Act.

The District Court did not err in entering a summary judgment of dismissal.

The judgment is affirmed.

---

2 Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 384, 385, 68 S.Ct. 1; Felder v. Federal Crop Insurance Corp., 4 Cir., 146 F.2d 638, 639; Frier v. Federal Crop Insurance Corp., 5 Cir., 152 F.2d 149, 150.