**UNITED STATES of America,
Appellant,**

**v.**

**William C. WOLK et al., Appellees.**

**No. 71–1678.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1972.

Decided August 30, 1972.

Robert A. Vedatsky, Atty., U. S. Department of Justice, Washington, D. C., for appellant.

Keith D. Kennedy, St. Louis Park, Minn., for appellee, Finklestein.

Lawrence F. O'Donnell, Boston, Mass., for appellee, Lanzetta.

Patrick J. Foley, Minneapolis, Minn., for appellee, Cohen.

Before ROSS and STEPHENSON, Circuit Judges, and DAVIES, District Judge.

ROSS, Circuit Judge.

The Government appeals, pursuant to 18 U.S.C. §§ 2518(10)(b) and 3731, from the granting of a motion to suppress evidence obtained by virtue of a court authorized wiretap. The principal issue on appeal is whether the failure to timely serve formal inventories of wiretap interceptions as required by 18 U.S.C. § 2518(8)(d) justifies suppression of the evidence derived from a wiretap when the appellees had actual notice of the interceptions and were not prejudiced. We conclude that suppression was not justified and reverse.

On February 18, 1971, by order of the district court, interceptions of wire communications were authorized pursuant to 18 U.S.C. § 2518. The authorization terminated on March 5, 1971. From February 18, 1971, to March 4, 1971, interceptions were conducted. The appellees were among those who had their conversations intercepted.

18 U.S.C. § 2518(8)(d) requires that formal inventories, which consist of the date of entry of the wiretap order, the period of authorization, and whether communications were intercepted, must be served on all persons named in the authorization and others who in the interest of justice warrant notice. The statute requires service of the inventories ninety days after the issuance of a wiretap order, or, in this case June 2, 1971. However, the statute provides that the time for service may be extended and it was extended by the district court until June 30, 1971.

On June 21, 1971, and June 22, 1971, the appellees and a number of others were arrested. On June 22, 1971, the court ordered that inventories be served on a number of individuals including the appellees. On that same day, copies of the inventories were delivered to the United States Marshal's office for service on the appellees and others. By June 24, 1971, all of the defendants, who were soon to be indicted, had been served with inventories except the appellees. On June 25, 1971, an indictment was returned charging that the appellees, among others, conducted an unlawful gambling business, 18 U.S.C. § 1955, and that they conspired to commit the substantive offense. Included in the indictment was a specification of conversations involving the appellees.

Thereafter, Cohen was arraigned on July 19, 1971, Finkelstein on July 26, 1971, and Lanzetta on August 4, 1971. Counsel for each of the appellees had received copies of the application, affidavit, and order for interception at or before arraignment. After the arraignment, it appears that all of the appellees' counsel had the opportunity to inspect and copy both the actual tapes and a transcript of the interceptions. For some reason, which is not apparent from the record, Cohen and Finkelstein were not served with inventories until September 4, 1971, and Lanzetta has never been served.

In the face of this evidence, the trial court held that "with respect to any defendant not served within the ninety days or before the termination of the valid extension order, the evidence ob-

tained from the wiretap must be suppressed as to him." The Government argues on appeal that the statute was substantially complied with in that the appellees had actual notice of the wiretaps, that the appellees have not been prejudiced by the lack of formal notification and, therefore, that the evidence should not have been suppressed.

There has been no contention that the statute was intentionally violated. In fact it appears that the United States Attorney's office attempted to comply with the statute by delivering copies of the inventories to be served on the appellees to the Marshal's office. Moreover, it does not appear that the Government would have any reason for having all of the defendants named in the indictment served with inventories except the appellees. These factors distinguish this case from the case of United States v. Eastman, 465 F.2d 1057 (3rd Cir. 1972), in which the judge who granted the wiretap authorization "waived" the service of the inventories. As the court stated:

> "The touchstone of our decision on this aspect of the case at bar is not one in which an inventory was delayed but rather is one in which specific provisions of Title III were deliberately and advertently not followed. In other words the failure to file the notice or inventory is no mere ministerial act. It resulted from a judicial act which on its face deliberately flouted and denigrated the provisions of Title III designated for the protection of the public." *Id.* at page 1062.

The Government argues, and there is no serious contention to the contrary, that the appellees knew of the wiretaps because of the return of the indictment, service of the application, affidavit and order for interception at or before arraignment, the arraignment itself and complete access to the tapes and transcript of the interceptions [1] after the arraignment.

It is clear that a conventional search is normally preceded by notice. Katz v. United States, 389 U.S. 347, 355 n. 16, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). However, the viability of wiretapping as a law enforcement tool is conditioned upon secrecy before the tap. In response to the secrecy problem 18 U.S.C. § 2518(8)(d) was enacted to provide notice to those who have had their communications intercepted.

As the Senate's report indicates: "[T]he intent of the provision is that the principle of post use notice will be retained. . . . Through its operation all authorized interceptions must eventually become known at least to the subject." S.Rep.No. 1097, 90th Cong., 2d Sess. (1968), U.S.Code & Adm.News, at p. 2194 (1968). The ABA Standards Relating to Electronic Surveillance indicates that: "The principle . . . should itself always remain that post-use notice would have to be given at some time." ABA Standards Relating to Electronic Surveillance 161 (1971 Approved Draft). In Berger v. New York, 388 U.S. 41, 60, 87 S.Ct. 1873, 18 L.Ed. 2d 1040 (1967), the Court found a New York wiretap statute unconstitutional because among other things the law had "no requirement for notice . . .".

Arguably, then, when a person has actual notice that his conversations have been intercepted, both the statutory and constitutional requirements have been substantially complied with. As a result, the Government contends that there is no reason to suppress the evidence when the rationale for the statute's existence has been satisfied. But the appellees point to the Senate report, S.

---

1. The appellees were only entitled to know the fact and date of entry of the wiretap order, the period of authorization, and the fact that communications were or were not intercepted, although a judge could make available, in his discretion, such portions of the interceptions, applications and order as he determined to be in the interest of justice. 18 U.S.C. § 2518(8) (d). The complete availability of the tapes and transcript of interceptions affords a quality of notice which exceeds that required by the statute.

Rep.No. 1097, 90th Cong., 2d Sess. (1968), U.S.Code & Adm.News, at p. 2194 (1968), and the ABA Standards, ABA Standards Relating to Electronic Surveillance 161 (1971 Approved Draft), for the proposition that an inventory may be postponed but not dispensed with. We view such language as saying in essence that while the time for notice may be postponed, notice must always be given. We do not believe that the use of formal inventories is an end unto itself. Surely neither the Congress nor the constitution would require such emphasis of form over substance as the appellees would have us promulgate. In Berger v. New York, 388 U.S. 41, 63, 87 S.Ct. 1873, 1885, 8 L.Ed.2d 1040 (1967), the Court noted: "This is no formality that we require today . . .". To us the statute is concerned with adequate notice and not formalities. The record demonstrates that the appellees were sufficiently aware of the wiretap so as to be able to seek suppression of the evidence on a number of grounds including the argument that the "probable cause" requirement of the statute had not been satisfied. The appellees had adequate notice in this case, and they have not shown that any prejudice resulted from the failure of the Government to formally serve them with the inventories. *See* United States v. LaGorga, 336 F.Supp. 190, 194 (W.D.Pa.1971); United States v. Lawson, 334 F.Supp. 612, 616–617 (E.D.Pa.1971).

 Inasmuch as the statute has been substantially complied with in that the appellees had actual notice and the appellees have not been prejudiced by the delay in formal notification, the evidence should not have been suppressed. This is not to say that the notice requirements may be taken lightly in future cases. We hold only that "whatever violation occurred was surely insufficient in nature and extent to justify the drastic result dictated by the suppression doctrine." Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 418–419, 91 S.Ct. 1999, 2016, 29 L.Ed.2d 619 (1971) (Burger, C. J., dissenting). The appellees have raised a number of other issues which we have considered and determined to be without merit.[2]

Reversed and remanded for further proceedings consistent with the view expressed herein.

---

2. Finkelstein claims that this Court lacks jurisdiction to hear the Government's appeal because the Government failed to file within thirty days the certificate contemplated by 18 U.S.C. § 3731. This contention is without merit. United States v. Welsch, 446 F.2d 220, 224 (10th Cir. 1971). He further argues that the certification once it was filed is invalid because it was signed by an Assistant United States Attorney and not the United States Attorney. While the statute refers to the "United States attorney" the appellee cites no cases nor suggests any compelling reasons which justify a decision that would so needlessly circumscribe the ability of the United States Attorney to delegate responsibility. We recognize that the statute is to be "liberally construed to effectuate its purposes", 18 U.S.C. § 3731, and, we can unearth no reason to disregard that direction in this case. Cohen argues that the wiretap statute is unconstitutional because of the "inherent impossibility of adequately and precisely describing the places to be searched and the things to be seized". We have recently found the statute constitutional. United States v. Cox, 462 F.2d 1293 (8th Cir. 1972). Cohen also raises several questions as to the sufficiency of the affidavit and interception order. We have examined each allegation and concluded that they are without merit. Cohen further argues that 18 U.S.C. § 1955, the gambling statute, is unconstitutional because the statute exceeds Congressional power under the Commerce Clause and because the statute is violative of equal protection notions implicit in the due process clause of the fifth amendment. However, we have recently upheld the statute in the face of similar arguments. Schneider v. United States, 459 F.2d 540, 541–543 (8th Cir. 1972), petition for cert. filed, 41 U.S.L.W. 3072 (U.S. August 1, 1972) (No. 72–98).