**UNITED STATES of America,
Plaintiff,**

v.

**Oscar E. LEIN, Individually, et al.,
Defendants.**

**No. 4–71 Civ. 73.**

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 13, 1972.

Robert G. Renner, U. S. Atty., by Thorwald H. Anderson, Asst. U. S. Atty., appeared for plaintiff.

Prindle, Maland & Ward, by Donald L. Maland, Montevideo, Minn., appeared for defendants.

NEVILLE, District Judge.

Defendant Oscar E. Lein who since has been adjudicated incompetent and is here represented by the other two defendants as his guardians, obtained four loans over a several year period from the Commodity Credit Corporation (CCC) in return for his Farm Storage promissory notes, chattel mortgages and security agreements covering various lots of grain and soybeans which were permitted to be stored on his premises. For purposes of this motion for summary judgment brought by the plaintiff, it is conceded that the grain and soybeans pledged as security under the mortgages and security agreements were sub-

stantially destroyed by fire on November 14, 1969, without fault or negligence on Oscar Lein's part. From an affidavit and answers to interrogatories filed herein there is evidence about which apparently there is little controversy going to show that within hours after the grain was destroyed, the fire chief in attendance at the fire apprised by telephone the appropriate Agricultural Stabilization and Conservation Service (ASCS) county Committee office of the loss, talking with a secretary whom it is claimed left a written message for the Manager of the ASCS Committee. The ASCS is the local county representative of the CCC. The local ASCS Manager the same day directed an investigation by its personnel, one of whom personally inspected the farm virtually while the ashes were still warm. The county Committee shortly forwarded a written report of the loss to the state office of the CCC. Later, and in the summer of 1970, written confirmation of the loss and the county Committee's findings were provided to Oscar Lein's guardians. Defendants also make the uncontroverted allegation that a check for insurance proceeds payable jointly to CCC and Oscar Lein was endorsed by the CCC.

Jurisdiction is conferred on this court by the Commodity Credit Corporation Charter Act 15 U.S.C. § 714 et seq. and by 28 U.S.C. § 1345. The government has brought this action seeking recovery of some $18,000 plus interest and alleging that defendants have failed to pay the farm storage notes either by cash payment or by delivery of the mortgaged grain and soybeans. Defendants resist the government's summary judgment motion and claim a complete defense against liability for loss because of the fire and other specified occurrences provided for in the notes themselves. The various notes contain this provision:

"5. (b)(iii) The producer is responsible for any loss in quantity or quality of the commodity placed under farm storage loan. Notwithstanding the foregoing, and subject to the pro-

visions of the Program Regulations relating to insurance on farm storage loans physical loss or damage occurring after disbursement of the loan funds will be assumed by CCC . . if the producer established to the satisfaction of CCC each of the following conditions: (1) *The physical loss or damage occurred without fault, negligence, or conversion on the part of the producer,* or any other person having control of the storage structure; (2) the physical loss or damage resulted solely from an external cause . . . . ; (3) *the producer has given the county committee immediate notice confirmed in writing of such loss or damage*; and (4) the producer has made no fraudulent representation in the loan documents or in obtaining the loan." [Emphasis added]

Additionally, defendants have counterclaimed for certain grain storage charges. The government's motion for summary judgment is the type of motion as this court previously has stated which should be granted sparingly and only in unusual and succinctly clear cases. United States v. S. J. Groves & Sons Co., 53 F.R.D. 656 (D.Minn.1971), and cases cited therein.

■■ The sole issue before the court on this motion and perhaps crucial to the entire case, is whether the facts of this case and the various reports of the above described events satisfy the condition of "immediate notice confirmed in writing." In light of other cases, defendant's argument that actual notice, even though verbally transmitted, would be sufficient compliance under all possible circumstances with the notice requirement is not well taken. See Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947) (5–4 decision). Here, defendants further contend that the county ASCS secretary's note to the Committee Manager, and as well the county Committee's written report to the state Committee and perhaps even the county Committee Manager's written confirmation to the guardians in the summer of 1970 each, or all taken together, satisfy the requirement of "notice confirmed in writing". The government relies on United States v. Landsverk, 144 F.Supp. 708 (D.Minn.1956), to counter that argument. However, the two cases differ substantially. In *Landsverk* there was apparently considerable factual dispute whether the grain involved had been stolen by a third party or merely converted to the producer's own use. More importantly, there was no mention of any written confirmation of loss over the long period of time from loan maturity through a delayed investigation to the Committee's eventual determination of producer liability. To assume that there must have been some documentation regarding the loss in the absence of facts in the record is not warranted. In the case at bar the situation differs, first, in that it is uncontroverted for purposes of this motion that the loss was not due to any fault of defendant and, second, there is evidence apparently that at least two different writings in confirmation of the loss were given rather immediately including the advice of the loss to the State Committee for the CCC within 12 days of its occurrence.

It is obviously the purpose of the written notice requirement in the promissory notes to permit the CCC or its agency to investigate promptly to determine the legitimacy, the amount and the cause of any claimed loss. Here the fire occurred in the early morning hours of November 14, 1969 and before noon of the same day the chairman of the local ASCS was on the scene, giving instructions and examining the corpus delicti. It is hard to imagine any prejudice to the government from lack of formal written notice. The attitude of the Eighth Circuit Court of Appeals on the question of technical written notice and the non-necessity therefor where no prejudice results and actual notice has been received is illustrated in United States v. Wolk, 466 F.2d 1143 (8th Cir. 1972). There, in a criminal case—no less—under the "wiretap" law no inventory as required by statute was served on defendants within

90 days (or a court ordered extension thereof) after the original court order authorizing the "wiretap". The court there said:

"The Government argues, and there is no serious contention to the contrary, that the appellees knew of the wiretaps because of the return of the indictment, service of the application, affidavit and order for interception at or before arraignment, the arraignment itself and complete access to the tapes and transcript of the interceptions after the arraignment." 466 F. 2d at 1145.

"Inasmuch as the statute has been substantially complied with in that the appellees had actual notice and the appellees have not been prejudiced by the delay in formal notification, the evidence should not have been suppressed." 466 F.2d at 1146.

It would seem to follow as an *a fortiori* that indeed if in a criminal case actual notice forgives the government from the statutory requirement of written notice, then conversely in a civil case the government is not in a good position to insist on the technical nicety of written notice where it clearly had actual notice and no prejudice resulted. Other cases cited by the government or read by the court, including United States v. Mayer, D. Minn.1956 #810 Civil (unpublished) and Scaife v. Federal Crop Ins. Corp., 167 F.2d 152 (8th Cir. 1948), are either inapposite as involving somewhat differing language or are not persuasive. In *Mayer* for instance, liability under the promissory note was triggered "provided the producer has given immediate notice in writing of such loss or damage". This differs from the case at bar requiring "immediate notice confirmed in writing" in that under the latter language the confirmation of notice is not per se required to be given by the producer himself, and the notice could be oral and the confirmation given at any reasonable time thereafter.

The court in the case at bar does not attempt to nor does it find a waiver nor any kind of estoppel, but merely holds within the sense and teaching of United States v. Wolk, *supra* and under the facts of this case that the requirement of "immediate notice confirmed in writing" has been complied with and the harsh result urged by the government should not obtain. The summary judgment motion is denied and the case is placed on the calendar for trial unless otherwise sooner disposed of.