**Add EVANS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12993.**

United States Court of Appeals Sixth Circuit.

March 26, 1957.

W. E. Badgett, of Taylor & Badgett, Knoxville, Tenn., for appellant.

James M. Meek, Asst. U. S. Atty., Knoxville, Tenn. (John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment convicting appellant of illegal possession and concealment of distilled liquor in violation of the federal law. The case was tried by the district court, a jury having been waived. The principal claim of error is that the district court erred in not suppressing evidence obtained by a search warrant. Appellant contends that the search warrant was issued without probable cause. It appears from the evidence that the case had its inception, when a man who stated that he was Carl Jones, came to the headquarters of the federal liquor law enforcement officers and stated that he wished to give information that appellant had in his possession 47 cases of moonshine whiskey in the back bedroom of his home. Jones signed an affidavit to this effect; and thereafter a search warrant was issued by the United States Commissioner. Upon a search of appellant's bedroom, the moonshine whiskey

was found, seized, and thereafter used as evidence to convict appellant.

Appellant submits that no inquiry was made of Jones to ascertain whether that was really his true name or where his place of residence was or whether he was a reliable person.

The Commissioner testified that he asked the affiant whether he was Carl Jones and received the reply that he was. He further testified that he asked him whether he understood the contents of the affidavit and whether it was true, and received an affirmative reply. The Commissioner then administered the oath to Jones, who thereafter signed the affidavit, upon which the search warrant was based. One of the enforcement officers testified that he had seen Jones on several occasions in Newport, Tennessee, and that whenever he saw him he was with other persons who were in the liquor business.

After the issuance of the search warrant and on appellant's motion to suppress the evidence found as a result thereof, Judge Robert L. Taylor reviewed the action of the Commissioner and found that there was probable cause for the issuance of the warrant. Probable cause for the issuance of a search warrant exists where circumstances before the officer are such as to cause a man of reasonable prudence to believe that an offence is being committed. United States v. Celedonia, D.C., 95 F.Supp. 228. The Commissioner must exercise his own judgment as to whether the facts in the affidavit constitute probable cause for issuance of a search warrant; and his determination is conclusive, unless his judgment is arbitrarily exercised. Gracie v. United States, 1 Cir., 15 F.2d 644. In the instant case there is no showing of abuse of discretion on the part of the Commissioner or on the part of the district court.

As to the validity of the warrant challenged by appellant under Rule 41(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., on the ground that it was issued by the Commissioner of the Northern Division of the Eastern District of Tennessee and returned to the Commissioner of the Northeastern Division of the Eastern District of Tennessee, we consider this contention to be without merit, since both Commissioners are appointed for the Eastern District and may properly act in any Division of the District. Moreover, the return of a search warrant is a ministerial act and any failure therein does not void the warrant. Rose v. United States, 6 Cir., 274 F. 245.

In accordance with the foregoing, the judgment of the district court is affirmed.