**UNITED STATES of America,**
**Appellee,**

v.

**Melvin Bryan SMITH, Appellant.**

**No. 71-1480.**

United States Court of Appeals,
Tenth Circuit.

July 7, 1972.

Rehearing Denied Aug. 2, 1972.

Thomas E. Joyce, Kansas City, Kan., for appellant.

Gary T. Cornwell, Special Atty., U. S. Dept. of Justice (Robert J. Roth, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, Chief Judge and HOLLOWAY and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

This case involves application of the wiretap provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq. Two issues are presented. First, under the circumstances presented is suppression required by tardy service upon petitioner of the wiretap inventory? Second, may petitioner appeal from the district court order which denied his motion?

During the last half of December 1970 petitioner, Melvin Bryan Smith, was the subject of a wiretap authorized by court order pursuant to provisions of the Omnibus Act.

The proceeding appears generally to have complied with statutory requirements. The only challenge raised in the court below [1] and in this court is the as-

---

[1]. Smith speaks of a tax assessment suit against him and of his responsive action against the director of the I.R.S. Smith's counsel cites Hill v. Philpott, 7 Cir., 445 F.2d 144, cert. denied, 404 U.S. 991, 92 S.Ct. 533, 30 L.Ed.2d 542, and states

sertion that suppression is appropriate because properly formed notice or inventory of the wiretap was not served upon Smith within the required 90-day period following the completion of the wiretap.[2]

The record indicates that Smith was also the subject of warranted searches of residence and person which occurred during January of 1971. In conjunction with these warrants Smith was served with supporting affidavits which disclosed the location, duration and authorization of the December wiretap. Prior to expiration of the 90-day limit, Mr. Joyce, Smith's attorney, was also aware of the wiretap as shown by his motion for inspection which the court found to be premature.

On March 15, 1971, orders were entered requiring notification of Smith and six others. The marshal made several attempts to serve Smith with the required return or inventory. Attorney Joyce was notified that said attempts were proving unsuccessful but Smith's whereabouts was unknown. He was out of town and returned to his residence and was served during the first part of April; service was late by approximately 30 hours. Within the context of this wiretap proceeding and on the same day service was effected, Attorney Joyce

filed Smith's motion to suppress on the sole ground of tardy notice. Denial of this motion prompted Smith's appeal to this court. The trial judge made findings of fact and conclusions of law.

I

We agree with the district court's determination that the motion was meritless. Smith claims no prejudice by the short delay. He asks for strict construction.

The language of this section and the Act's legislative history[3] make it clear that this section is modeled after existing search warrant return practice, i. e. the similar provisions found in Rule 41(d) of the Federal Rules of Criminal Procedure. Cases interpreting the existing law define the filing of the return and filing of a warrant as ministerial acts and failure of strict compliance does not require suppression except upon affirmative showing of prejudice. *See inter alia*, Evans v. United States, 6 Cir., 242 F.2d 534, cert. denied, 353 U.S. 976, 77 S.Ct. 1059, 1 L.Ed.2d 1137, and United States v. Averell, E.D.N.Y., 296 F.Supp. 1004.

In a recent decision on similar facts Judge Huyett of the Eastern District of

---

that Smith will advance similar arguments of fourth and fifth amendment violations by the wiretap which he asserts set the basis for the tax assessment suit. These arguments were not raised in Smith's motion nor any time at the trial level and we neither rule on them nor recognize them in disposition of this appeal.

2. This requirement is found in 18 U.S.C. § 2518(8) (d) which reads:

(8) (d) Within a reasonable time but not later than ninety days after the filing of an application for an order of approval under section 2518(7) (b) which is denied or the termination of the period of an order or extensions thereof, the issuing or denying judge shall cause to be served, on the persons named in the order or the application, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory which shall include notice of—

(1) the fact of the entry of the order or the application;

(2) the date of the entry and the period of authorized, approved or disapproved interception, or the denial of the application; and

(3) the fact that during the period wire or oral communications were or were not intercepted.

The judge, upon the filing of a motion, may in his discretion make available to such person or his counsel for inspection such portions of the intercepted communications, applications and orders as the judge determines to be in the interest of justice. On an ex parte showing of good cause to a judge of competent jurisdiction the serving of the inventory required by this subsection may be postponed.

3. See Senate Rep. No. 1097, 90th Cong. 2d Sess. (1968) or U.S.Code Cong. & Adm.News, 90th Cong. 2d Sess., p. 2112 at p. 2177 et seq.

Pennsylvania denied a motion for suppression when the return was eight days tardy. United States v. Lawson, E.D. Pa., 334 F.Supp. 612. The reasoning there is sound and sufficiently supports the trial court's denial.

## II

The case involves an issue of appealability, however, which goes to this court's jurisdiction. Accordingly our decision requires the following analysis of timeliness of Smith's motion and right to appeal from denial.

Smith's argument for appealability fails to make clear the ground upon which the right to appeal is asserted. However the amended notice of appeal speaks of "final judgment and order" and the government makes the reasonable assumption that Smith is appealing under 28 U.S.C. § 1291. Argument proceeds accordingly.

In DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614, the Court spoke of the policy against premature appeal and said "only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* . . . can the proceeding be regarded as independent." Without this independence appeal will not lie. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374.

The Omnibus Act contemplated motions to suppress and considerable discussion has arisen on the issue of whether the statute authorizes the motion by an immunized witness before a grand jury. *See* In re Egan, 3 Cir., 450 F.2d 199; In re Evans, 146 U.S.App.D. C. 310, 452 F.2d 1239; and United States v. Gelbard, 9 Cir., 443 F.2d 837.

The facts of the three cases are similar because in each case grand jury witnesses had refused to testify claiming the questions were derived from unauthorized wiretaps. The refusal led to entrance of a civil order of contempt from which speedy appeal is contemplated by 28 U.S.C. § 1826 (1970).[4] *See also* Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783.

Accordingly, *Egan, Evans,* and *Gelbard,* all supra, did not present the appealability question in the *DiBella* context. Nonetheless appealability was at issue in that the cases grapple with the issue of what basis if any is provided by the Omnibus Act for a motion to suppress made while before the grand jury. On somewhat different bases the second and third circuits found the motion to be timely and the movants to have standing. The second circuit adopted much of the third circuit's reasoning but distinguished the ninth circuit's decision which had found the motion to be premature and the movants to lack standing.

█ The fifth circuit has also construed the subject provisions. United States v. Dudley, 5 Cir., 427 F.2d 1140. The facts in *Dudley* did not involve a grand jury but were similar to our facts. Based on the *DiBella* rule the fifth circuit concluded that the Omnibus Act did not permit a pre-indictment motion to suppress. As we noted above Smith's motion was made in the context of the wiretap proceedings, yet Smith is subject to no risk of contempt. Accordingly we find Smith's motion lacks the requisite independence and is not a final order. Appealability is lacking and the appeal is dismissed.

4. The second circuit, in In re Evans, was impressed with Judge Adams' reasoning in In re Egan, but did not share his reticence to base the right on section 2518. The third circuit generally preferred to rely on section 2515. In the cases of ·

*Egan* and *Gelbard* the Supreme Court has granted certiorari, 404 U.S. 990, 92 S.Ct. 529, 531, 30 L.Ed.2d 540, 541, and oral argument was heard on May 27, 1972, 40 U.S.L.W. 3481.