509 P.2d 1341

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Edwardo ARCHULETA, Defendant-Appellant.**

**No. 1104.**

Court of Appeals of New Mexico.

April 13, 1973.

Certiorari Denied May 14, 1973.

Thomas E. Horn, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Dee C. Blythe, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of unlawful possession of a narcotic drug—heroin—defendant appeals. See §§ 54–7–2 and 54–7–13, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1971). The issue is the validity of the application for a search warrant.

Defendant contends the allegations in the application, which refer to probable cause, are defective as a matter of law. This portion of the application reads:

"Det. Dan L. Lundy of the Bern. Co. Sheriff Dept. states that he has a signed statement from a person who is willing to testify in a court of law if necessary, which states in part that he has personal knowledge that herion [sic] is kept inside the above residence & that he has recieved [sic] herion [sic] from the said residence on approx 10 different occasions. . . ."

Defendant states: " * * * There is absolutely nothing set out in the Affidavit from which the magistrate could conclude that the informant was credible or reliable. All the Affidavit contains regarding this informant are words or statements from him. There is absolutely nothing independent of the words of the informant from which the magistrate could conclude that these words or statements were credible or reliable." Defendant relies on the statement in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) that the magistrate must be informed of underlying circumstances from which the officer concluded that the informant was credible, or his information reliable.

United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) answers defendant's contention. In that case, the affidavit in support of a search warrant referred to an unidentified informant. As to this informant, the affidavit stated: " ' * * * [t]his person has personal knowledge of and has purchased illicit whiskey from within the residence described, for a period of more than 2 years, and most recently within the past 2 weeks,

has knowledge of a person who purchased illicit whiskey within the past two days from the house. * * *'"

United States v. Harris, supra, points out that affidavits for search warrants are to be treated in a common sense and realistic fashion; that technical requirements of elaborate specificity have no proper place in this area. A majority of the United States Supreme Court indicates that "an averment of previous reliability" is unnecessary. Rather, the inquiry is "* * * whether the informant's *present* information is truthful or reliable. * * *" Referring to the informant's statements of purchases of illicit whiskey, four Justices of the United States Supreme Court state:

"     .     .     .     These statements were against the informant's penal interest, for he thereby admitted major elements of an offense under the Internal Revenue Code.

.     .     .     .     .     .

"Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements.     .     .     .     But here the informant's admission that over a long period and currently he had been buying illicit liquor on certain premises, *itself and without more*, implicated that property and furnished probable cause to search." (Emphasis added)

Here, the informer's statement of ten different purchases of heroin at the residence is a declaration against the informant's penal interest. Although no time element is stated for the purchases, no contention was made in the trial court that the application was defective on that basis. Further, the affidavit states heroin *is* being kept at the residence. Applying the above quotation from United States v. Harris, supra, we hold that the affidavit was sufficient for the judge, to whom it was presented, to find probable cause for the issuance of the search warrant.

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and SUTIN, JJ., concur.