627 P.2d 413

STATE of New Mexico,
Plaintiff-Appellant,

v.

Eldridge O. JONES, Defendant-Appellee.

No. 4457.

Court of Appeals of New Mexico.

July 3, 1980.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellee..

OPINION

HENDLEY, Judge.

Defendant's motion to suppress certain physical evidence (narcotics) was granted and the State appeals. We affirm.

At the hearing on the motion to suppress, the only evidence offered was the affidavit for the search warrant. Neither side offered the testimony of any witness. The following is a summary of the contents of the affidavit:

1. Affiants are Albuquerque Police Department officers with several years of experience in the investigation of "Property Crimes, narcotics violations."

2. Other officers received an anonymous Crime Stoppers call from "informant number 1" who stated that "he/she" had been in contact with defendant in the last 12 hours; that defendant had bragged to the informant about committing several drug store burglaries; and that during the burglaries, entry had been gained once through a window and twice through the roof.

3. The informant also stated that the defendant showed him/her "narcotics which looked to be controlled substances."

4. Informant was told that if the information was true, informant would receive a monetary reward.

5. The affiants checked Albuquerque Police Department records and found reports on three burglaries wherein the modus operandi for entry was similar to that stated by the informant. The affiants stated that the MO which the defendant told the informant was known only to the perpetrator and to the investigating officers. ·

6. A handwritten amendment to the affidavit stated that defendant was arrested and upon his arrest a search revealed narcotics on his person. The handwritten addition also states: "Informant # 1 stated that 'Red' [the defendant] is known to transport narcotics in his own vehicle by 'Reds' [sic] own admission."

The arguments of counsel before the trial court somewhat clarify the chronology of events. Apparently, the officers received the Crime Stoppers tip, prepared the typewritten part of the affidavit, then arrested the defendant with no arrest warrant. The handwritten part of the affidavit for search warrant was added after the arrest.

There is one primary issue involved: Does the affidavit state sufficient facts (both facts to support the informant's assertion that the defendant was committing a crime and corroboration of the informant's assertions) to justify issuance of a warrant? However, before a conclusion can be reached on this issue, the sub-issue as to the validity of the warrantless arrest must be considered. If the warrantless arrest was valid, it was a "fact" before the magistrate; if invalid, the affidavit must be considered with the arrest information deleted.

The State argues that the legality of the warrantless arrest was not presented to the trial court. This argument is unpersuasive for several reasons. First, the defendant's motion specifically questioned the sufficiency of the *facts* upon which the affidavit was based. A subset of those facts was composed of the evidence obtained during the defendant's arrest. Second, the court stated it was accepting the defendant's argument, a portion of which questioned the legality of the arrest.

█ In *Hudson v. State*, 89 N.M. 759, 557 P.2d 1108 (1976), the trial court had deleted from the search warrant affidavit the portion regarding the arrest of the defendant. The Supreme Court stated:

The State failed to preserve as error this deletion by the trial court and failed to appeal it; thus, it is not before us. [Citations omitted.] Had this paragraph been before us, there may have been sufficient corroborative evidence to validate the infirmity of the search warrant, *Spinelli v. United States*, 393 U.S. 410, 415, 89 S.Ct. 584, [588,] 21 L.Ed.2d 637 (1969), which was, as is discussed below, the insufficient description of the underlying circumstances. However, since the record was not perfected and that paragraph is

not before us, we cannot read that corroborating statement into the affidavit for the search warrant.

*Hudson* imposes upon the State the obligation to support each and every aspect it intends to rely upon when the sufficiency of the affidavit is challenged. If the State intended to rely upon the arrest evidence in the affidavit, it had the obligation to show that the warrantless arrest was based upon probable cause. *See State v. Gorsuch*, 87 N.M. 135, 529 P.2d 1256 (Ct.App. 1974).

■ The State presented no evidence to support the warrantless arrest in the trial court. Thus, the answer as to whether the evidence of arrest could be utilized in considering the sufficiency of the warrant is that the State failed to present evidence to justify the warrantless arrest. Therefore, if the affidavit will not stand absent the arrest evidence, the trial court must be upheld.

Did the affidavit state sufficient facts to allow a finding of probable cause in support of the search warrant?

■ The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, states that warrants shall not issue except upon a showing of probable cause. Probable cause is variously defined; however, the most common statement requires reasonable grounds to believe that the suspect has committed a crime. *See, e. g., Rodriquez v. State*, 91 N.M. 700, 580 P.2d 126 (1978); *State v. James*, 91 N.M. 690, 579 P.2d 1257 (Ct.App. 1978). In determining the officers' reasonable grounds, his reliance on hearsay is not dispositive. *State v. Perea*, 85 N.M. 505, 513 P.2d 1287 (Ct.App. 1973). Rule 17(f) of the Rules of Criminal Procedure for the District Courts, N.M.S.A. 1978, states that probable cause "shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished."

In applying what has come to be known as the *Aguilar* two-prong test, this Court held in *State v. Bowers*, 87 N.M. 74, 529 P.2d 300 (Ct.App. 1974):

We believe that the following should be the standards for the sufficiency of search warrants: (1) only a probability of criminal conduct need be shown; (2) there need be less vigorous proof than the rules of evidence require to determine guilt of an offense; (3) common sense should control; (4) great deference should be shown by courts to a magistrate's determination of probable cause. [Citations omitted.]

*See also State v. Perea, supra.*

■ Thus, in order for hearsay to be relied upon in an affidavit for a search warrant, the affidavit must establish first the underlying circumstances from which the (hearsay) informant concluded that the crime was being committed; and, second, that the informant was reliable. The defendant does not contest the first aspect— the personal knowledge of the informant as asserted by the affiant was sufficient. *Compare State v. Duran*, 90 N.M. 741, 568 P.2d 267 (Ct.App. 1977). Rather, the claim is that there is no showing that the informant's information should be given credit because of the informant's reliability.

■ Generally, there are three methods for establishing the unnamed informant's reliability in an affidavit for a search warrant. First, the affiant can establish the informant's reliability by stating that, due to his prior experience with the informant, he trusts the reliability of the information supplied. *See State v. Cervantes*, 92 N.M. 643, 593 P.2d 478 (Ct.App. 1979). *See also State v. Gutierrez*, 91 N.M. 542, 577 P.2d 440 (Ct.App. 1978); *In Re One 1967 Peterbilt Tractor, etc.*, 84 N.M. 652, 506 P.2d 1199 (1973). The affidavit in this case does not claim that the affiant had prior dealings with this informant.

Second, the type of information provided can be in and of itself deemed reliable or self-corroborating; such as, where the information contains a statement against the penal interests of the informant. *See State v. Perea, supra; State v. Archuleta*, 85 N.M.

146, 509 P.2d 1341 (Ct.App. 1973). The statements of the informant in this case cannot be deemed statements against penal interest.

Third, the reliability of the informant can be established by verifying certain aspects of the information which he provided. *See State v. Turkal*, 93 N.M. 248, 599 P.2d 1045 (1979), which states:

> Because of the knowledge personal to the juvenile informant, and by a reading of the affidavit as a whole, the juvenile's veracity is shown by the reliability of the information which she provided. The information supplied by the juvenile relating to defendant's furnishing drugs to teenagers was corroborated by the information supplied by the confidential informant.

■■ The State contends that the affidavit in this case should be upheld because it claims sufficient corroboration of the informant's allegation to establish the informant's reliability. The State's claim is that the informant's statement of the "modus operandi" used by the burglar was verified by the officers' check of police records. We agree that the officers' search verified that burglaries had occurred and that the entry made in those burglaries was effected in the manner which the informant asserted. However, the corroboration of the facts asserted should go not only to the fact that a crime was committed, but also to the fact that this defendant committed the crime. *See People v. Elwell*, 27 Cr.L. 2223 (N.Y.Ct. App.). In effect, the corroboration in this case was only the first prong of the *Aguilar* test—that a crime had been committed. There was no corroboration of the informant's assertion that the defendant had committed the crimes. The statement that the "MO" was "only known to the investigating officers and/or the perpetrator of the burglaries" is insufficient in this respect. *Compare State v. Luna*, 91 N.M. 560, 577 P.2d 458 (Ct.App. 1978). Not only did the investigating officers and the perpetrator know the "MO", but the informant also knew the "MO". There is no showing as to why the officers believed the informant's assertions inculpating the defendant rather than focusing their investigation upon the informant. Thus, the reliability of the informant was not established upon the face of the affidavit.

Affirmed.

IT IS SO ORDERED.

WALTERS and ANDREWS, JJ., concur.