934 F.2d 322
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin CLARK, Defendant-Appellant.
 No. 90-6476.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1991.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Kevin Clark appeals his drug-trafficking conviction. For the following reasons, we affirm.
 
 I.
 
 2
 On February 21, 1990, Shelby County Police Officer D.S. Wilkes ("Officer Wilkes") surveilled a green Chevrolet parked in the driveway at 198 West Person in Memphis, Tennessee. During his forty-five minute surveillance, Officer Wilkes observed a young man open the trunk of the automobile after meeting with, and receiving something from, two unknown individuals. Officer Wilkes described the young man as approximately five feet nine inches tall, 230 pounds, dark-complected, mid-twenties, heavy build, wearing black pants, black shirt, a Los Angeles Raiders jacket, and a Los Angeles Raiders hat. The Shelby County Sheriff's Department subsequently obtained a search warrant from a Shelby County judge to search the residence at 198 West Person and all automobiles located on the premises.
 
 
 3
 Several law enforcement officers executed the search warrant on February 22, 1990. When the officers arrived, they encountered a number of individuals standing on the curb next to the green Chevrolet. Based on Officer Wilkes' detailed description from the previous day, the officers detained the defendant-appellant, Kevin Clark ("Clark" or "appellant"). In addition to matching the physical characteristics described by Officer Wilkes, Clark was wearing the same clothes noted by Officer Wilkes the previous day. Pursuant to the search, the law enforcement officers discovered that Clark possessed $894 in cash and a set of car keys in his pocket that opened the green Chevrolet.
 
 
 4
 After opening the trunk of the automobile, the officers discovered five small plastic bags containing approximately 31.6 grams of a substance containing cocaine, and two brown plastic medicine bottles containing approximately 18.3 grams of cocaine base. The officers also noted that: the automobile was registered to Brian Clark (the appellant's younger brother); the battery had been removed from the car (rendering the car inoperable); the Chevrolet's temporary license had expired; the appellant was not licensed to drive; and, the appellant was unemployed. Kevin Clark was immediately arrested.
 
 
 5
 On March 12, 1990, a federal grand jury indicted Clark. Count One of the indictment charged Clark with "unlawfully, knowingly, and intentionally possess[ing] with the intent to distribute approximately 18.3 grams of cocaine base," March 12, 1990 Indictment at 1, in violation of 21 U.S.C. Sec. 841(a)(1). Count Two of the indictment charged Clark with "unlawfully, knowingly, and intentionally possess[ing] with the intent to distribute approximately 31.6 grams of a substance containing cocaine," March 12, 1990 Indictment at 2, in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 6
 After entering a not guilty plea to both counts at his arraignment, Clark's jury trial commenced on June 26, 1990. Early in the proceedings, Clark's attorney moved to suppress the evidence seized from Clark and the automobile because the government was unable to produce the original search warrant or prove that it had been returned (following its execution) as required by Tennessee law. After hearing arguments from both parties, the district court judge noted:
 
 
 7
 If you want to present evidence on that issue, I will consider hearing it but I--well, I don't even know that I will even consider hearing it. It strikes me that if the State of Tennessee has a more lenient return law than the federal government does and wants to suppress evidence that's not otherwise required to be suppressed under the Constitution, they are entitled to do that. But I don't know that they are entitled to pass laws that govern the presentation of evidence in a federal proceeding, even though the search warrant may have issued out of a state court.
 
 
 8
 As I understand your argument, there is no argument that there was a constitutional frailty in the search, just a question of whether state statutes were complied with. Absent my having any law that indicates that higher authorities indicate otherwise, my ruling is that the federal government is not bound by that state statute, although I don't even know the statute itself because you haven't pointed it out to me.
 
 
 9
 But the second thing is that it seems to me that the burden on this issue here in this court would be on the defendant and at this point, I don't have any evidence in front of me that failure of statutory return responsibilities has occurred.
 
 
 10
 And, thirdly, this is a motion to suppress and under Rule 12, motions to suppress are supposed to be made before trial, and we are in trial.
 
 
 11
 Joint Appendix at 22-23.
 
 
 12
 After the parties stipulated that "officers normally, as a matter of routine, return these [search warrants] to the issuing magistrates but in this particular case, no one has any specific knowledge whether this was actually done," id. at 23-24, the district court judge denied Clark's motion to suppress:
 
 
 13
 All right. Given that that is a stipulation of fact for the purposes of defendant's motion to suppress, I am going to hold that the defendant has not borne its burden of showing that there has been no return, but I hold, as I did mention a moment ago, primarily that if there is a state statute that requires a suppression of evidence on which--that has been obtained as a result of a search pursuant to a search warrant on which there has been no return, that statute is not controlling in this Court. And insofar as I understand, there is no constitutional issue about the validity of the use of this evidence and will overrule the motion to suppress.
 
 
 14
 Id. at 24-25.
 
 
 15
 During trial, Officer Wilkes testified for the prosecution. After challenging Officer Wilkes' ability to view the activities surrounding the Chevrolet on February 21, Clark's attorney requested that the jury be taken to the intersection where Officer Wilkes had parked during his surveillance. The district court judge granted the appellant's request and allowed each juror to sit in Officer Wilkes' vehicle to assess the officer's ability to accurately view the criminal activities.
 
 
 16
 The appellant's younger brother, Brian, testified for the defense. Brian Clark testified that the drugs in the trunk of the car belonged to him, adding that he had exclusively possessed the car keys on February 21 and 22, 1990, prior to giving the keys to his uncle, Thomas Clark, shortly before the law enforcement officers arrived. (Thomas Clark later testified that he then gave the keys to the appellant to hold). After testifying that he was the individual Officer Wilkes had observed opening the trunk of the Chevrolet on February 21, Brian Clark admitted that he had been arrested one week prior to the instant search for distributing cocaine.
 
 
 17
 On rebuttal, Officer Wilkes identified the appellant as the individual he had observed on February 21, 1990. Moreover, the description that Officer Wilkes had given to the other law enforcement officers prior to the execution of the search warrant matched the appellant, not his younger brother Brian who was five feet eleven inches tall, 17 years old, 173 pounds, and medium-complected.
 
 
 18
 On June 28, 1990, the jury found Kevin Clark guilty of the crimes charged in the indictment. On September 7, 1990, the district court judge sentenced Clark to eighty-seven months imprisonment on each count (to be served concurrently) and four years supervised release.
 
 
 19
 Clark thereafter filed a timely notice of appeal.
 
 II.
 A.
 
 20
 Clark argues that the government's inability to produce the original search warrant necessitates the suppression of the evidence seized by the law enforcement officers:
 
 
 21
 Clearly, it is the intent of the Tennessee Rules of Criminal Procedure and the Federal Rules of Criminal Procedure that subsequent to the issuance of a search warrant and subsequent to the execution of the warrant that the warrant itself is to be returned to a Magistrate with an inventory of all items seized. From the record in this cause, it can be seen that there was no way to determine what items were seized pursuant to the search warrant and further if a return was even made on the search warrant.
 
 
 22
 .............................................................
 
 
 23
 ...................
 
 
 24
 * * *
 
 
 25
 Appellant would submit that the omission from the return of a search warrant of an item, and any other ministerial acts, are not enough to cause the Court to suppress the evidence seized pursuant to the search warrant. Unfortunately, in the particular case before this Honorable Court, since the original of the search warrant was never produced there is nothing to examine to oversee if there was a ministerial error and/or if the search warrant was returned to a Magistrate. Appellant would submit that as a result of the original search warrant not being produced that prejudice resulted to him and that as a result the Motion to Suppress as requested by the Defendant should have been granted.
 
 
 26
 Appellant's Brief at 14-18.
 
 
 27
 In response, the government argues that "it is clear that Federal constitutional law appl[ies] in this case, and a failure to make a return on the warrant [does] not require suppression of an otherwise constitutionally valid search and seizure." Appellee's Brief at 13-14. We agree.
 
 
 28
 In United States v. Dudek, 530 F.2d 684 (6th Cir.1976), the Sixth Circuit addressed a motion to suppress evidence "made prior to trial on the basis of the fact that the search warrant issued by an Ohio state judge was not 'promptly' returned after the search, and the inventory had not been properly 'verified.' " Id. at 685. Though the district court judge granted Dudek's motion to suppress, the Sixth Circuit vacated and remanded:
 
 
 29
 Clearly, failure to follow the requirements of Rule 41 of the Federal Rules of Criminal Procedure pertaining to inventory of objects seized and a prompt return to the court has been held not to require invalidation of an otherwise properly issued and executed search warrant or the suppression of evidence acquired under it.
 
 
 30
 .............................................................
 
 
 31
 ...................
 
 
 32
 * * *
 
 
 33
 This leads then directly to consideration of whether the fruits of the state search in this case should be admitted in a federal prosecution, even if the Ohio Supreme Court (which has not passed on the question) were to hold the evidence inadmissible under state law.
 
 
 34
 We have no doubt that in a federal criminal prosecution federal standards are applied to determine the admissibility of evidence.
 
 
 35
 .............................................................
 
 
 36
 ...................
 
 
 37
 * * *
 
 
 38
 Returning then to the facts of our instant appeal, we hold that the failure to make a prompt return and to verify the inventory in this case have no relation at all to the command of the Fourth Amendment which bars unreasonable searches and seizures. Both of these failures to comply with Ohio's Rule 41 pertain to requirements of that rule which came into play after the search and seizure was completed. The requirement of verification of the inventory of items seized is doubtless designed to allow for proper identification of property taken by the police under the warrant and to protect the owner's rights therein. The requirement of prompt return serves, among other purposes, to make sure that the warrant and its affidavit are available to counsel for inspection in preparation for trial.
 
 
 39
 We note, as appellee urges us to, that the language of Ohio's Rule 41 (like that of the federal counterpart) is mandatory. And we entertain no doubt that it was meant to be followed. There are, however, many possible methods of vindicating the inventory and return sections of the rule other than suppression of the lawfully seized evidence. Possible remedies might include a judicial writ to compel performance of the neglected acts.
 
 
 40
 Additionally, a trial court might grant an adjournment to counsel who, because of delay in filing the return, had been deprived of opportunity to inspect the affidavit and search warrant. And if there were a dispute over whether an item tendered as evidence had actually been seized on the premises concerned as authorized by the warrant, failure to verify the inventory might justify the trial court in indulging a presumption unfavorable to the government. We do not need to decide these matters or to carry this speculation further, for no contentions of prejudice to appellee are presented by this record.
 
 
 41
 We hold that nonconstitutional, nonprejudicial and inadvertent failures to follow the post-search and seizure requirements of Ohio's rule which are involved here do not require application of the federal exclusionary rule.
 
 
 42
 Id. at 688-91 (citations omitted) (emphasis in original).
 
 
 43
 Dudek governs the instant action. The pertinent provision in the Tennessee Rules of Criminal Procedure states: "The return shall be made promptly and shall be accompanied by a written inventory of any property taken." Tenn.R.Crim.P. 41(d). This provision is identical to the comparable provisions in both the Federal Rules of Criminal Procedure and the Ohio Rules of Criminal Procedure. Clark, like Dudek, failed to demonstrate prejudice resulting from the missing search warrant. Sixth Circuit precedent therefore dictates that we affirm the district court's decision denying Clark's motion to suppress. See Rose v. United States, 274 F. 245, 250-51 (6th Cir.) ("The failure of the officer to whom a search warrant is directed to make a return thereof cannot invalidate the search or seizure made by authority of such warrant.... The making of the return is merely a ministerial act, to be performed after the warrant is executed."), cert. denied, 257 U.S. 655 (1921). See also United States v. McKenzie, 446 F.2d 949, 954 (6th Cir.1971) ("Although important, the procedures required for execution and return of a search warrant, contained in Rule 41(d) of the Federal Rules of Criminal Procedure, are ministerial. Absent a showing of prejudice, irregularities in these procedures do not void an otherwise valid search."); United States v. Haskins, 345 F.2d 111, 117 (6th Cir.1965) ("[T]he return of a warrant is a ministerial act and any failure therein does not void the warrant."); Evans v. United States, 242 F.2d 534, 536 (6th Cir.) ("[T]he return of a search warrant is a ministerial act and any failure therein does not void the warrant."), cert. denied, 353 U.S. 976 (1957).
 
 
 44
 Alternatively, the government argues that Clark waived his right to argue suppression by failing to timely raise his motion to suppress pursuant to Fed.R.Crim.P. 12(b). Though it is not entirely clear from the appellate record whether Clark delayed in bringing his motion to the district court's attention, we note that, in addition to the substantive frailty of his claim, Clark may have waived his right to argue suppression. In any event, we need not address the appellant's possible waiver because Clark's first assignment of error is substantively without merit.
 
 
 45
 We therefore reject Clark's first assignment of error.
 
 B.
 
 46
 Clark argues that the evidence presented at his trial failed to prove that he possessed (with intent to distribute) the cocaine and cocaine base found in the trunk of the green Chevrolet: "[I]t is clear from the record in this cause through the testimony of Brian Clark that at no time did the Appellant have knowledge that there were any unlawful substances in the green Chevrolet motor vehicle." Appellant's Brief at 18. Clark therefore urges this court to conclude "that the jury in this trial erred in that they should have found the Defendant innocent of both counts of the indictment." Id. at 21.
 
 
 47
 "A defendant claiming 'insufficiency of the evidence bears a very heavy burden.' " United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.) (quoting United States v. Soto, 716 F.2d 989, 991 (2d Cir.1983)), cert. denied, 476 U.S. 1123 (1986). On review, all evidence must be construed in a manner most favorable to the government. United States v. Green, 548 F.2d 1261, 1266 (6th Cir.1977). The Supreme Court has characterized the relevant inquiry as "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. Furthermore, "[c]ircumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." United States v. Vannerson, 786 F.2d at 225.
 
 
 48
 When the law enforcement officers executed the search warrant, Kevin Clark was found in the front yard next to the green Chevrolet with the car keys (the car was inoperable and Clark was not licensed to drive) and $894 (Clark was unemployed) in his pocket. The officers initially detained Clark because he (not his younger brother Brian) matched Officer Wilkes' description from the previous day. In fact, Clark was wearing the same clothes that Officer Wilkes had described hours earlier.
 
 
 49
 At trial, Officer Wilkes identified Kevin Clark (not Brian Clark) without hesitation though both were seated in the courtroom. Moreover, though Clark argued at trial that Officer Wilkes could not see the Chevrolet and the drug transactions from his parked police vehicle, the jury was transported (per Clark's request) to the crime scene where the jurors were allowed to sit in Wilkes' vehicle to determine for themselves Officer Wilkes' ability to see the criminal activities and participants.
 
 
 50
 Though Clark argues that his brother admitted that the cocaine was his, not the appellant's, the jury apparently found Officer Wilkes more credible than Brian Clark. Because "[w]itness credibility is solely within the province of the jury," United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988), we will not disturb the jury's credibility determination.
 
 
 51
 Construing the evidence in a manner most favorable to the government, the prosecution presented sufficient evidence to sustain Clark's conviction. The appellant's second assignment of error is therefore meritless.
 
 III.
 
 52
 For the aforementioned reasons, we AFFIRM the appellant's conviction.