**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACK RUSSELL OWENS,

    Defendant - Appellant.

No. 15-6133
(D.C. Nos. 5:14-CV-00973-M and
5:12-CR-00271-M-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Jack Owens, proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

Pursuant to a plea agreement, Owens pled guilty to sexual exploitation of children in violation of 18 U.S.C. § 2251(a). He was sentenced to 324 months' imprisonment. In pleading guilty, Owens admitted he: (1) employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct; (2) for the purposes of producing

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a visual depiction of such conduct; and (3) such visual depiction was produced using materials that have been mailed, shipped, or transported in interstate commerce. Owens waived the right to appeal or collaterally attack his conviction and sentence unless the sentence was above the applicable Sentencing Guidelines range as determined by the court.

Despite this waiver, Owens filed a direct appeal in this court. He withdrew the appeal after his attorney advised there was "no way to negate the waiver of [Owens'] appeal rights and, even if that hurdle didn't exist, [there were] no viable appellate issues in [Owens'] case." However, the attorney emphasized to Owens that "[t]he decision [to withdraw the appeal] is yours, and yours alone."

Owens subsequently filed a § 2255 motion in the district court alleging ineffective assistance of counsel. The district court denied the motion and denied a COA. Owens timely filed his request for a COA in this court.

## II

Owens may not appeal the denial of habeas relief under § 2255 without a COA. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Owens must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Construing Owens' pro se filings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), he raises two categories of issues:

(1) ineffective assistance of counsel, and (2) the district court's failure to adequately address his claims.

## A

To prevail on his ineffective assistance of counsel claims, Owens "must show <u>both</u> (1) that counsel's performance was deficient <u>and</u> (2) that this deficiency prejudiced [his] defense." <u>United States v. Hamilton</u>, 510 F.3d 1209, 1216 (10th Cir. 2007). Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

Owens argues that counsel was ineffective for failing to advise him that he could plead guilty without a plea agreement that waived his right to appeal.[1] We need not address whether this performance was deficient because Owens did not suffer prejudice as a result of counsel's alleged failure. Owens filed a direct appeal of his sentence, but voluntarily withdrew it. Counsel advised Owens that an appeal would not succeed, but emphasized that withdrawing the appeal was Owens' decision.[2] Owens thus cannot show prejudice flowing from the plea waiver. <u>See</u> <u>Strickland</u>, 466 U.S. at 688.

---

[1] Owens' plea agreement also waived his right to collaterally attack his sentence, but the government has not sought to enforce that waiver in these proceedings. It opposed Owens' § 2255 motion on the merits before the district court, and has never argued that he waived his ability to file such a motion.

[2] Before the district court, Owens argued that this advice to withdraw his appeal constituted ineffective assistance of counsel. He does not reassert the argument before this court.

Owens further argues counsel was ineffective for failing to challenge the seizure of an item listed in the return and inventory document that differed from an item listed in the search warrant. But, "[c]ases interpreting the existing law define the filing of the return and filing of a warrant as ministerial acts and failure of strict compliance does not require suppression except upon affirmative showing of prejudice." United States v. Smith, 463 F.2d 710, 711 (10th Cir. 1972). Owens has not shown prejudice because the laptop listed in the search warrant contained child pornography, which was the basis for Owens' indictment for the count to which he pled guilty.[3]

**B**

Owens asserts the district court erred by rejecting some of his claims in footnotes. But nothing bars the district court from addressing claims in footnotes. Moreover, the district court did not dismiss Owens' claims "summarily and indirectly" as he alleges. The first footnote elaborates on the court's conclusion that Owens was not prejudiced by waiving his right to appeal. A second footnote addresses Owens' request for an evidentiary hearing and sufficiently explains its denial because his "motion [did] not set forth a basis for relief."

---

[3] Owens also argues the district court erred in denying his request for an evidentiary hearing to address this discrepancy. We review a district court's denial of an evidentiary hearing for abuse of discretion. United States v. Harms, 371 F.3d 1208, 1210 (10th Cir. 2004). A district court need not hold an evidentiary hearing if "the case record conclusively shows the prisoner is entitled to no relief." United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). The district court determined the existing record conclusively showed that Owens was not entitled to relief and we do not discern any error in its analysis.

Finally, Owens argues the district court erred by failing to address his claim that counsel was ineffective for failing to investigate certain sentencing exposure issues. Although the district court failed to address this claim, we need not remand for consideration of the issue because applicable law forecloses his argument. See Hernandez v. Starbuck, 69 F.3d 1089, 1093 (10th Cir. 1995) (we may affirm the district court on "any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court"). Owens argued his counsel was ineffective because he failed to investigate or understand the sentence Owens faced if he pled guilty. Yet the plea agreement, plea petition, and plea colloquy all demonstrate that Owens and his counsel were aware that Owens could be sentenced to 30 years, the maximum sentence under the statute, see 18 U.S.C. § 2251(e). Owens' clear understanding of the maximum sentence forecloses the conclusion "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Owens' motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge